NH

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

Konstantin Golubev,

No. CV-26-01769-PHX-MTL (ASB)

Petitioner,

**ORDER**

v.

Unknown Party, et al.,

Respondents.

Petitioner, who is proceeding *pro se*, brings a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Doc. 1).  Petitioner appears to allege he is entitled to a bond hearing under 8 U.S.C. § 1226(a) but is instead being detained subject to mandatory detention under 8 U.S.C. § 1225(b)(2).

The Petition is not clear about two facts that make discerning his claims for relief difficult. First, Petitioner does not state whether he is subject to a final order of removal, although the Petition suggests he is not. (*See* Doc. 1 at 8 (stating "unknown as of date of filing" in response to request for "Date of removal or reinstatement order").) Second, Petitioner does not indicate whether he has requested a bond hearing and been denied, particularly in light of his allusions to "court hearings [that have been] repeatedly postponed." (*See id.* at 6.)

## I.

Petitioner's Notice to Appear indicates that he was classified as an arriving alien. (*Id.* at 31.) Thus, to the extent Petitioner challenges mandatory detention, the Court rejects

that claim. This Court has held that, under § 1225(a), any alien who enters the United States illegally, who has not been previously lawfully admitted, is "deemed for purposes of this chapter an applicant for admission" under 8 U.S.C. § 1225(a)(1).  *See Chavez v. Noem*, — F. Supp. 3d —, 2026 WL 381618, at *1-2 (D. Ariz. Feb. 9, 2026); *see also Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026).

Further, an alien unlawfully present in the United States "has only those rights regarding admission that Congress has provided by statute."  *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 140 (2020); *see also Lopez v. Noem*, CV-26-00345 (JHR), 2026 WL 266597, at *3 (S.D.N.Y. Feb. 2, 2026).

Based on Petitioner's allegations, the Court finds that Petitioner is present without having been admitted and is therefore treated as an applicant for admission under 8 U.S.C. § 1225(a)(1).  The Court further finds that an immigration officer has not determined Petitioner clearly and beyond a doubt is entitled to be admitted, and therefore mandatory detention under 8 U.S.C. § 1225(b)(2)(A) applies.

To the extent Petitioner seeks relief as a member of the bond-eligible class certified by the United States District Court for the Central District of California in *Bautista v. Santacruz*, CV-25-01873-SSS-BFM, 2025 WL 3288403, at *1 (C.D. Cal. Nov. 25, 2025), the Court denies such relief.  As an initial matter, the Court rejects that relief should be granted here even if he is a member of the *Bautista* class.  *See Calderon Lopez v. Lyons*, — F. Supp. 3d —, 2025 WL 3683918, at *1 (N.D. Tex. Dec. 19, 2025). Further, on March 6, 2026, the Ninth Circuit Court of Appeals temporarily stayed the *Bautista* declaratory judgment, pending a ruling on the Government's emergency motion for a stay pending appeal. *See Bautista v. U.S. Dep't of Homeland Sec.*, No. 26-1044 (9th Cir. Mar. 6, 2026). If Petitioner believes he is entitled to further relief under the judgment in *Bautista*, he should seek relief in the Central District of California.

## II.

To the extent Petitioner challenges his detention during the pendency of removal proceedings, the Court rejects that argument. The Supreme Court has determined there is

no statutory right to periodic bond hearings for aliens detained during the pendency of removal proceedings. *Jennings v. Rodriguez*, 583 U.S. 281, 297 (2018) ("Until [removal proceedings end] nothing in the statutory text imposes any limit on the length of detention. And neither § 1225(b)(1) nor § 1225(b)(2) says anything whatsoever about bond hearings."). And while *Jennings* did not address whether such a right exists under the Constitution, the Supreme Court subsequently held that an alien unlawfully present in the United States, as mentioned, "has only those rights regarding admission that Congress has provided by statute." *Thuraissigiam*, 591 U.S. at 140.

### III.

Finally, to the extent Petitioner is subject to a final removal order and challenges his detention under *Zadvydas v. Davis*, 533 U.S. 678 (2001), Petitioner has not suggested that his detention has proceeded indefinitely. Under § 1231(a)(1), the Government has 90 days in which to remove an alien once a removal order becomes final. Detention during this removal period is mandatory. 8 U.S.C. § 1231(a)(2). If the Government cannot affect removal within the 90-day removal period, however, continued detention of aliens such as Petitioner becomes discretionary. 8 U.S.C. § 1231(a)(6). That discretion, however, is not unfettered, and indefinite detention is not permitted. *Zadvydas*, 533 U.S. at 689 (8 U.S.C. § 1231(a)(6) "does not permit indefinite detention."). This is not to say that every alien like Petitioner must be released once the 90-day removal period has expired. 533 U.S. at 701. Rather, the Supreme Court in *Zadvydas* recognized an implicit post-§ 1231(a)(2) period in which continued detention is "presumptively reasonable" and does not violate the Fifth Amendment. *Id.* The *Zadvydas* Court concluded that this "presumptively reasonable" period extends for no more than 6-months once an order of removal becomes final (including the 90-day mandatory detention period under § 1231(a)(2)). *Id.* From that point, "once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.* If, after considering the evidence, the Court finds that "removal is not reasonably foreseeable, the court should hold continued detention

unreasonable and no longer authorized by statute." *Id.* at 699.

Petitioner indicates he was detained on September 26, 2025. (Doc. 1 at 4.) Petitioner has been detained for less than the 6-month demarcation point for the presumptively reasonable detention period under *Zadvydas*. Therefore, Petitioner cannot show that his continued detention is unlawful.

## IV.

Petitioner is therefore not entitled under the Immigration and Nationality Act to a bond hearing under 8 U.S.C. § 1226(a) or the Due Process Clause. Nor is Petitioner entitled to be released from detention. The Petition will therefore be dismissed without prejudice.

**IT IS ORDERED** that the Petition for Writ of Habeas Corpus (Doc. 1) is **denied**. The Clerk of Court must enter judgment accordingly and close this case.

Dated this 19th day of March, 2026.

Michael T. Liburdi
United States District Judge

- 4 -